# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00803-CV

**Phyllis Arlene Beyer, Appellant**

**v.**

**Eugene Albert Beyer, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
### NO. 2004-1155, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Phyllis Arlene Beyer appeals from the domestic relations order portion of a divorce decree awarding her 34.5% of Eugene Albert Beyer's disposable retirement pay received as a result of his service in the United States Armed Forces. The sole issue on appeal is whether the trial court properly calculated the percentage of Mr. Beyer's retirement benefits to which Ms. Beyer is entitled pursuant to a mediated settlement agreement. We will reverse the domestic relations order to the extent it awards Ms. Beyer only 34.5% of the benefits and render judgment that Ms. Beyer be awarded 42.085% of Mr. Beyer's disposable retirement pay.

### FACTUAL AND PROCEDURAL BACKGROUND

The Beyers were married on April 5, 1963, at which time Mr. Beyer was an active member of the United States Armed Forces. The Beyers were divorced on May 1, 2006. In March 2005, during the divorce proceedings, the Beyers participated in a mediation at which they

agreed to and signed a Mediated Settlement Agreement that, among other things, memorialized their agreement regarding the mathematical formula for dividing Mr. Beyer's military retirement benefits. The Beyers agreed that Ms. Beyer was entitled to half of the community-property portion of Mr. Beyer's military retirement. They also agreed that the community-property portion was equal to the quotient arrived at by dividing the number of months Mr. Beyer was in the service during the marriage by the total "number of months of creditable service" Mr. Beyer had accumulated at his retirement. The only disputed issue is how many months of "creditable service" Mr. Beyer had accumulated upon his retirement—the denominator in the community-property calculation.

The Mediated Settlement Agreement provided that if the parties could not agree on the computation of the community-property portion of the military retirement, they were required to submit that issue to the court for resolution. Although they agreed that the numerator in the computation, the number of months of Mr. Beyer's service during the marriage, was 218, they could not agree on the denominator, the total number of months of creditable service Mr. Beyer had accrued at his retirement on May 30, 1981. The disagreement arose because Mr. Beyer included 60 months of National Guard duty before the parties married as part of creditable service, which Ms. Beyer contends should be excluded from the creditable-service calculation. Mr. Beyer argues that his creditable service commenced when he began service in the National Guard on December 6, 1954. Consequently, Mr. Beyer contends on appeal that the denominator in the community property computation should be 317 months, and Ms. Beyer should receive 34.5% of his retirement benefits. Ms. Beyer counters that his creditable service did not begin until

2

January 15, 1960, when he entered United States Armed Forces active duty. She asserts that the denominator should be 259 months, which entitles her to 42.085% of the benefits.

Pursuant to the Mediated Settlement Agreement, the parties attended a hearing in January 2006 to address the dispute regarding the division of Mr. Beyer's military retirement benefits. On May 1, 2006, an associate judge signed a domestic relations order awarding Ms. Beyer 34.5% of the military retirement benefits. Ms. Beyer filed a notice of appeal from the domestic relations order seeking de novo review by the trial court. Ms. Beyer contended that there was no evidence supporting the associate judge's finding, using 317 months as the denominator, that 69% of the military benefits was community property and, consequently, there was no evidence to support the order awarding Ms. Beyer one-half of the community portion, 34.5%, of the military retirement benefits.

At an August 29, 2006 hearing, the trial court reviewed, de novo, the domestic relations order dividing Mr. Beyer's military retirement benefits. Ms. Beyer argued at the hearing that the order did not comply with the mediated settlement agreement because it contained an improper computation of the percentage of the retirement benefits to be awarded to her. Ms. Beyer testified that Mr. Beyer began active duty approximately three years before they were married in April 1963, and that he retired in June 1981. Ms. Beyer testified that creditable service, for purposes of retirement benefits, did not include the period of time in which Mr. Beyer was on "inactive duty" with the National Guard. Ms. Beyer testified, using the calculation the parties agreed to in the Mediated Settlement Agreement, that she was entitled to 42.085% of the military retirement benefits. Mr. Beyer did not testify, nor did his counsel cross-examine Ms. Beyer or attempt to offer any

3

evidence to support an award of 34.5% of the military retirement benefits to Ms. Beyer. At the conclusion of the hearing, the trial court signed a domestic relations order identical to that signed by the associate judge.

After signing the order, the trial court entered the following findings of fact:

No. 12.       Eugene Albert Beyer served a total of 317 months of credible [sic] service in the United States Armed Forces.

No. 13.       Eugene Albert Beyer was married to Phyllis Arlene Beyer for a total of 219[1] months while serving in the United States Armed Forces.

No. 14.       The community interest in the military retirement pay of Eugene Albert Beyer is sixty-nine (69%) percent.

Based on these findings, the trial court's domestic relations order awarded Ms. Beyer 34.5% of the military retirement benefits representing half of the community interest. This appeal followed. By two issues, Ms. Beyer contends that (1) the award of 34.5% was unsupported by any evidence, was contrary to the only evidence presented at the hearing, and was, therefore, an abuse of discretion, and (2) the trial court's denial of her motion for new trial was erroneous because the evidence was insufficient to support the division of military retirement benefits.

---

[1] Ms. Beyer testified that she and Mr. Beyer married on April 5, 1963 and Mr. Beyer was retired in June 1981. In his brief, Mr. Beyer states that his retirement date was May 30, 1981. Consequently, Mr. Beyer was married to Ms. Beyer a total of 218, not 219, months while serving in the United States Armed Forces. At the hearing, the trial court indicated that he would "sign exactly what [the associate judge] said." The record does not include the associate judge's finding in this regard. The qualified domestic relations order signed by the trial court after the hearing but prior to entering the findings and conclusions is consistent with the evidence and recites that during their marriage, Mr. Beyer served "eighteen (18) years and two (2) months [218 months] of creditable service."

4

## STANDARD OF REVIEW

A trial judge is charged with dividing the community in a "just and right" manner, considering the rights of both parties. Tex. Fam. Code Ann. § 7.001 (West 2006); *Moroch v. Collins*, 174 S.W.3d 849, 855 (Tex. App.—Dallas 2005, pet. denied). The court has broad discretion in making its just and right division; absent a clear abuse of discretion, we will not disturb that division. *Murff v. Murff*, 615 S.W.2d 696, 698-99 (Tex. 1981); *Boyd v. Boyd*, 67 S.W.3d 398, 406 (Tex. App.—Fort Worth 2002, no pet.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). Such findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answers. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

## DISCUSSION

The Beyers agreed in mediation to divide Mr. Beyer's military retirement benefits according to the formula set out in the Mediated Settlement Agreement. Neither party contends in this appeal that the formula does not apply. The issue here is whether the trial court used the proper number as the denominator in the agreed formula. Ms. Beyer complains that the trial court's finding that the correct number is 317 months is not supported by sufficient evidence, and is, in fact, contrary

to the only evidence presented to the court. We agree. The only evidence offered to establish the duration of Mr. Beyer's creditable service was Ms. Beyer's testimony that Mr. Beyer had been on active duty a little over three years at the time of their marriage and that he retired in June 1981. There was no evidence offered that could support the trial court's finding that Mr. Beyer had 317 months of active duty. The trial court abused its discretion by basing its division of the military retirement benefits on a finding that had no supporting evidence. *See K-Mart Corp.*, 24 S.W.3d at 360.

The only evidence presented regarding the proper division of the military retirement benefits was Ms. Beyer's testimony that she is entitled to 42.085% based on Mr. Beyer's creditable service of 259 months beginning "a little over three years" before they were married and continuing until June 1981. This evidence was unchallenged and uncontroverted.

On appeal, Mr. Beyer argues that, in fact, the creditable-service calculation should include the period of time from December 6, 1954 through January 15, 1960 when he was performing National Guard service. Ms. Beyer disputes Mr. Beyer's contention that National Guard service constitutes "active duty" for purposes of calculating the creditable-service component of the agreed formula for dividing the benefits. Regardless of the merits of Mr. Beyer's contention, an issue we do not reach, Mr. Beyer failed to present any evidence of the duration of his National Guard service to the trial court at the hearing to determine the proper division of benefits.[2] Consequently,

---

[2] During the hearing there was a brief discussion regarding Mr. Beyer's National Guard service at which counsel for Mr. Beyer stated that Mr. Beyer was not a "weekend warrior," and that his National Guard service took place during the Korean War. There was not, however, any testimony or evidence introduced regarding either the nature or duration of Mr. Beyer's National Guard service.

this evidence was not before the trial court, is not part of the appellate record, and cannot be considered on appeal.

Because there was no evidence to support the finding, the trial court abused its discretion by awarding Ms. Beyer 34.5% of Mr. Beyer's military retirement benefits. We sustain Ms. Beyer's first issue and reverse the domestic relations order awarding Ms. Beyer 34.5% of the military retirement benefits. The only evidence in the record regarding the proper division of the benefits supports Ms. Beyer's contention that she is entitled to 42.085% of the military retirement benefits based on Mr. Beyer's service record and the formula agreed to by the parties in the Mediated Settlement Agreement. Consequently, we render judgment awarding Ms. Beyer 42.085% of Mr. Beyer's military retirement benefits. *See* Tex. R. App. P. 43.2(d) (court of appeals may reverse trial court's judgment in whole or in part and render judgment that trial court should have rendered). Having so concluded, we need not address Ms. Beyer's second issue complaining of the trial court's denial of her motion for new trial.

**CONCLUSION**

We conclude that the trial court abused its discretion by awarding Ms. Beyer a percentage of the military retirement benefits that was unsupported by the evidence. We reverse the domestic relations order portion of the divorce decree to the extent it awards Ms. Beyer 34.5% of Mr. Beyer's military retirement benefits. We render the judgment that the trial court should have rendered based on the only evidence presented regarding the proper division of the benefits, and order that Ms. Beyer be awarded 42.085% of Mr. Beyer's military retirement benefits.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Reversed and Rendered

Filed:   July 28, 2009