**K–MART CORPORATION, Petitioner,**

v.

**Lisa HONEYCUTT and Michael Honeycutt, Respondents.**

No. 99–1112.

Supreme Court of Texas.

June 29, 2000.

Christopher A. Fusselman, Willie Ben Daw, III, Daw & Ray, Houston, for Petitioner.

William R. Edwards, III, John Blaise Gsanger, The Edwards Law Firm, Karen R. Thompson, Allison & Huerta, Steve T. Hastings, Huerta Hastings & Allison, Corpus Christi, for Respondent.

PER CURIAM.

In this negligence case, we decide whether the trial court abused its discretion by excluding the plaintiffs' human factors and safety expert. The court of appeals held that it did. *Honeycutt v. K-Mart*, 1 S.W.3d 239 (Tex.App.-Corpus Christi 1999). We conclude that the trial court did not abuse its discretion in excluding the expert because none of his opinions would assist the trier-of-fact to understand the evidence or to determine a fact issue. We therefore reverse the court of appeals' judgment and render judgment that the Honeycutts take nothing from K-Mart.

Lisa Honeycutt injured her back while shopping at a K-Mart store in Portland, Texas. She was waiting in line to check out at the register next to the cart corral when the injury occurred. The cart corral, where K-Mart stores empty shopping carts, usually consists of two horizontal rails intersecting a series of vertical posts; however, a part of the upper rail was missing. While in line, Honeycutt sat on the lower rail where the top rail was missing with her back to the shopping carts.

As Honeycutt was sitting on the lower rail, Linda Robledo, a service desk supervisor and twelve-and-a-half-year employee, pushed several shopping carts into the cart corral. Robledo saw Honeycutt quickly stand up. Robledo was unable to see Honeycutt because Honeycutt was hunched over with her elbows on her knees and Robledo's view was totally or partially obscured by the carts already in the corral.

Lisa and Michael Honeycutt sued K-Mart for injuries to Lisa's back allegedly caused from being hit by the shopping carts. The Honeycutts hired Dr. Way Johnston as a human factors and safety expert. During discovery, Johnston entered the K-Mart store without notifying K-Mart. In his report, Johnston offered the following five opinions: (i) the lack of a top rail presented an unreasonable risk of injury to shoppers and employees of K-Mart; (ii) the accident would not have occurred but for the lack of a top rail; (iii) Linda Robledo was not properly trained in pushing shopping carts; (iv) Linda Robledo failed to keep a proper lookout while pushing the shopping carts into the cart corral; and, (v) Lisa Honeycutt was not contributorily negligent.

Before trial, K-Mart moved to exclude Johnston from testifying. K-Mart argued that Johnston did not satisfy the requirements of Texas Rule of Evidence 702 because his opinions were not relevant and reliable and were within the average juror's common knowledge. K-Mart also argued that the trial court should exclude Johnston's testimony because his unauthorized inspection of the store violated former Texas Rule of Civil Procedure 167. The trial court denied the motion. During trial, K-Mart reasserted its motion, which the trial court granted without specifying

the grounds. The Honeycutts made a bill of exceptions.

The case was submitted to the jury under a general negligence theory against K–Mart and a comparative negligence theory against Lisa Honeycutt. The jury answered that both K–Mart and Honeycutt were negligent and attributed eighty-percent of the fault to Honeycutt. As a result, the trial court rendered a take-nothing judgment against the Honeycutts.

The Honeycutts appealed. The court of appeals initially affirmed the judgment. But on rehearing, it reversed the trial court and remanded the case for a new trial. 1 S.W.3d at 245. The court of appeals held that the trial court abused its discretion in excluding Johnston because he was qualified to testify and his testimony satisfied the relevance and reliability requirements of *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549 (Tex. 1995). 1 S.W.3d at 243–44. The court also held that the trial court abused its discretion in excluding Johnston for violating former Rule 167 because the infraction was harmless. *Id.* at 245.

■ We review a trial court's exclusion of expert testimony for abuse of discretion. *See Gammill v. Jack Williams Chevrolet,* 972 S.W.2d 713, 718–19 (Tex. 1998). A trial court abuses its discretion when its ruling is arbitrary, unreasonable or without reference to any guiding rules or legal principles. *See Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998). Because the trial court did not specify the ground on which it excluded Dr. Johnston's testimony, we will affirm the trial court's ruling if any ground is meritorious. *See Bradley v. State ex rel. White,* 990 S.W.2d 245, 247 (Tex.1999).

The court of appeals did not consider all of the grounds K–Mart asserted for excluding Johnston under Texas Rule of Evidence 702. Rule 702 states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." TEX.R. EVID. 702; *see also Gammill,* 972 S.W.2d at 718. The court of appeals ruled only that Johnston's testimony was relevant and reliable. It failed to consider whether Johnston's opinions were beyond the average juror's common knowledge.

■ That a witness has knowledge, skill, expertise, or training does not necessarily mean that the witness can assist the trier-of-fact. *See Broders v. Heise,* 924 S.W.2d 148, 153 (Tex.1996). Expert testimony assists the trier-of-fact when the expert's knowledge and experience on a relevant issue are beyond that of the average juror and the testimony helps the trier-of-fact understand the evidence or determine a fact issue. *See $18,800 in U.S. Currency v. State,* 961 S.W.2d 257, 265 (Tex.App.-Houston [1 st Dist.] 1997, no writ); *Glasscock v. Income Property Servs. Inc.,* 888 S.W.2d 176, 180 (Tex.App.-Houston [1 st Dist.] 1994, writ dism'd by agr.). When the jury is equally competent to form an opinion about the ultimate fact issues or the expert's testimony is within the common knowledge of the jury, the trial court should exclude the expert's testimony. *Glasscock,* 888 S.W.2d at 180. Thus, "Rule 702 makes inadmissible expert testimony as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance." *Scott v. Sears, Roebuck & Co.,* 789 F.2d 1052, 1055 (4 th Cir. 1986).

■ We conclude that none of Johnston's five opinions would have been helpful to the jury in this case. Johnston's first and fifth opinions concern the ultimate issues of K–Mart and Honeycutt's negligence. Johnston asserts that the lack of a top railing created an unreasonable risk because it served as an invitation for people to sit on the lower railing. Johnston's training and experience as a human factors expert informed him that when hu-

man beings encounter a low railing, they will sit there. This same reasoning compelled his conclusion that Honeycutt's sitting on the lower railing was not unreasonable conduct. The jury did not need Johnston's assistance to determine whether the lack of a top railing was unreasonable. The jury viewed photographs of the cart corral from which it could draw its own conclusions. This case is similar to *Scott*, in which the Fourth Circuit held that it was error to allow a human factors expert to testify that defects in a sidewalk curb created an unreasonably dangerous condition for women wearing high heels. 789 F.2d at 1055. The Fourth Circuit concluded that it would have been of little help to the jury because the jurors were able to observe the accident scene for themselves and reach a conclusion about the dangerousness of the condition. *Id.* In this case, the jury's collective common sense could ably assist it in determining whether people would likely sit on the lower railing. *See id.* (holding it was error to permit human factors expert to testify that women wearing high heels tend to avoid walking on grates); *see also Persinger v. Norfolk & Western Ry.*, 920 F.2d 1185, 1188 (4th Cir.1990) (excluding expert testimony about whether the weight the plaintiff had to carry was unreasonable because the testimony "did no more than state the obvious"); *Stepney v. Dildy*, 128 F.R.D. 77, 80 (D.Md.1989) ("Nor is the testimony of a human factors expert required to advise the jury that moisture will freeze at 32 degrees or colder."); Richmond, *Human Factors Experts in Personal Injury Litigation*, 46 ARK. L.REV. 333, 337 (1993) ("[M]any experts misuse human factors expertise in litigation by either testifying about matters clearly within the jury's common knowledge or offering opinions without adequate foundation.").

Dr. Johnston's other opinions are also not helpful to the jury because they involve matters within the average juror's common knowledge. His second opinion is that the lack of a top railing caused Honeycutt's injuries. This is not a causation issue that requires a scientific or technical explanation. It was within the jury's ability to determine on its own whether the lack of a railing caused the accident. Johnston's third opinion is that Robledo did not receive proper training for pushing shopping carts. The jurors in this case did not need assistance in determining whether Robledo knew how to properly push shopping carts. An expert opinion on how to push a shopping cart would not have aided the jury in deciding the ultimate fact issues in this case. His fourth opinion is that Robledo did not keep a proper lookout while pushing the carts into the corral. The jury did not need any special interpretation of the facts for it to determine whether Robledo was negligent.

Thus, all of Johnston's conclusions would tell the jury how they should view the facts. The jury in this case was competent to determine the ultimate issues without Johnston's testimony. Therefore, the trial court was within its discretion to exclude the testimony.[1]

Pursuant to Texas Rule of Appellate Procedure 59.1, without hearing oral argument, we reverse the court of appeals' judgment and render judgment that the Honeycutts take nothing from K–Mart.

---

1. Because we conclude that the trial court did not abuse its discretion in excluding Johnston's testimony under Rule 702, we do not reach the issue of whether Johnston was properly excluded for violating former Texas Rule of Civil Procedure 167.