Affirmed and Memorandum Opinion filed June 5, 2003









Affirmed and Memorandum Opinion filed June 5, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00532-CR

NO. 14-02-00533-CR

____________

 

YOUNG
RAN CHO and YU MI CHO, Appellants

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On Appeal from the
228th Criminal District Court

Harris County, Texas

Trial Court Cause
No. 902,358 and 902,359

 



 

M E M O R A N D U M   O P I N I O N








A jury found Young Ran
Cho guilty of kidnapping and assessed punishment at five years in the Texas
Department of Criminal Justice, Institutional Division.  A jury found Yu Mi Cho guilty of unlawful
restraint and assessed punishment at two years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.  Now, both appellants complain
that the trial court erred by denying their motions for new trial.  The facts of this appeal are known to the
parties, so we do not recite them here. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion.  Tex. R. App. P. 47.1.  We affirm.

DISCUSSION

A trial court=s denial of a motion for
new trial is reviewed under an abuse of discretion standard.  See Superior Packing, Inc. v. Worldwide
Leasing & Fin., Inc., 880 S.W.2d 67, 71 (Tex. App.CHouston [14th Dist.]
1994, writ denied).  An abuse of
discretion occurs only when the trial court reaches a decision that is
arbitrary, unreasonable, or without reference to any guiding rules or legal
principles.  K-Mart Corp. v. Honeycutt,
24 S.W.3d 357, 360 (Tex. 2000).  An
appellate court will not substitute its decision for that of the trial court=s.  Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 918 (Tex. 1985).








Here, appellants are
asking this Court to reverse the trial court=s
denial of the motions for new trial. 
However, appellants have not supplied this Court with the reporter=s record from the
proceedings in the trial courts.[1]  Without reporter=s records, we cannot
determine if the trial court conducted a hearing on the motions for new trial
and what evidence and arguments the trial court considered in each case.  We cannot determine whether the denials of the
motions for new trial were arbitrary, unreasonable, and without reference to
guiding rules or legal principles without the reporter=s records.  See Honeycutt, 24 S.W.3d at 360.  Appellants direct this Court only to portions
of the clerk=s
record that include copies of appellants’ brief in support of the motion for
new trial.  Attached to each brief are
excerpts of the reporter’s record and testimony from trial.  However, “[a]ffidavits and certified copies of court
documentsCand certainly lettersCdo not prove themselves, and unless they are offered and admitted in
evidence they cannot be considered on appeal.” 
Webber v. State, 21
S.W.3d 726, 731 (Tex. App.CAustin 2000, pet. ref’d).  Without reporter=s records, we do not know if the briefs and
supporting documents were admitted in evidence.[2]




In conclusion, appellants have not shown this Court that the trial court
abused its discretion in denying the two motions for new trial.  We overrule both of appellants= issues and affirm the judgments of the trial court.

 

/s/        Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed June 5, 2003.

Panel
consists of Chief Justice Brister, Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  This Court
issued an order to each appellant on October 17, 2002.  We informed the appellants that reporter’s
records had not been filed in the cases. 
The court reporters in the cases informed this Court that appellants had
not made arrangements for payment.  We
then issued an order stating that we would only consider and decide issues that
did not require reporter’s records unless appellants, within 15 days of notice,
would provide this Court with proof of payment. 
We did not receive notice of payment, and therefore we will only
consider the issues that do not require a reporter=s record.





[2]  Though without
an evidence sticker, we would assume the brief and the attachments were not
admitted into evidence.