NO. 07-04-0301-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 1, 2004


______________________________



ROBERT R. HOCKADAY, II, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-438,306; HON. BRADLEY UNDERWOOD, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant Robert R. Hockaday, II appeals from a judgment convicting him of
aggravated assault. We affirm.

 The trial court initially deferred adjudication of guilt and placed him on community
supervision for four years. The State subsequently moved to adjudicate him guilty. After
a hearing on the allegations set out in the State's motion and after receiving evidence on
the issue of punishment, the trial court found appellant guilty and sentenced him to 20
years imprisonment. 

 Appellant's counsel has moved to withdraw, after filing a brief pursuant to Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492 (1967) and representing that
he has searched the record and found no arguable grounds for reversal. The motion and
brief illustrate that counsel notified appellant of his right to review the appellate record and
file his own brief. So too did we inform appellant that any pro se response or brief he cared
to file had to be filed by October 27, 2004. At this time, appellant has failed to file either
a response or brief or request an extension to do so.

 In compliance with the principles enunciated in Anders, appellate counsel discussed
five possible areas for appeal. They involve 1) whether the trial court erred in failing to
pronounce him guilty prior to his punishment hearing, 2-3) the legal and factual sufficiency
of the evidence to justify a sentence of 20 years, and 4-5) whether the trial court erred in
admitting evidence not relevant to sentencing and whose probative value was substantially
outweighed by the danger of unfair prejudice. However, counsel then proceeded to explain
why each argument lacked merit. 

 We have also conducted our own review of the record to assess the accuracy of
appellate counsel's conclusions pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991). Finding no reversible error, we grant the motion to withdraw and affirm the
judgment.


 Brian Quinn 

 Justice

Do not publish. 

 



amily: 'Arial', sans-serif">WARDEN SAVERS, ET AL., APPELLEES


_________________________________

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4315H; HONORABLE RON ENNS, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, James Ishmael Tibbs, proceeding pro se and in forma pauperis, appeals
from the trial court’s order dismissing his suit against Warden Savers, et al., for alleged civil
rights violations. By a sole issue, Tibbs asserts the trial court abused its discretion in
denying his Motion for Judgment Nihil Dicit and Motion to Prosecute. Although inartfully
drafted, Tibbs complains of the trial court’s dismissal of his suit. Appellees contend the trial
court correctly dismissed Tibbs’s suit for failure to comply with the requirements of chapter
14 of the Texas Civil Practice Code. We agree with Appellees and affirm. 
Background Facts
          According to the clerk’s record, Tibbs filed grievances against Appellees, employees
at the Dalhart Unit of the Texas Department of Criminal Justice. He alleged that certain
Department employees were censoring his letters to newspapers and other organizations.


 
The clerk’s record reflects that disciplinary action was taken against Tibbs for the content
of the letters. Tibbs filed grievances against Department officials for being punished for the
content of the letters. After the grievance procedures, he filed a civil rights complaint
against Appellees. He also filed an affidavit declaring his indigence. As such, he was
required to file an Affidavit Relating to Previous Filings required by section 14.004 of the
Texas Civil Practice and Remedies Code. 
          The affidavit filed by Tibbs entitled simply “Affidavit,” provides as follows:
I’ve filed several civil action suits and have been sancioned [sic] by the 5th
Circuit Court of Appeals, I’ve no means to fully apprize this Court of all the
civil claims I’ve filed, however; this is an original first time for this issue I’m
very confident of success due to the fact that stare decissions [sic] . . . .
 
          Appellees filed a Motion to Dismiss Tibbs’s suit for failure to comply with sections
14.004 (requiring an affidavit relating to previous filings) and 14.005 (requiring an affidavit
of exhaustion of administrative remedies) of the Texas Civil Practice and Remedies Code. 
Tibbs filed an objection to the motion and attempted to remedy his failure to comply with
the requirements of section 14.004 by asserting: 
Cause No. 1; cv00546 MAC KFG Document #;2 1 filed 09/15/2008 page 2
Tibbs v. Martin, No5;96cv354 (EDTex. Feb. 3, 1997) (dismissed as frivolous)
aff’d No97 40182 (5th cir. April 8th, 1998) (appeal dismissed as frivolous);
Tibbs v. TDCJ ID No.5; 96cv321 (E.D.Tex. Dec. 20, 1997) dismissed as
frivolous, aff’d 97 40079 (5th Cir. Oct. 23, 1997) (appeal dismissed as
frivolous)
This information just came from UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS 211W. Ferguson Tyler Texas 75702
However the 69th Judicial Dis. Crt, Has waived this Issue and can not barr
[sic] under Section 14.004.
 
          The trial court signed an order dismissing Tibbs’s suit against Appellees “without
prejudice due to his failure to comply with the requirement of Section 14.004(a)(2) of the
TEXAS CIVIL PRACTICE AND REMEDIES CODE.”
          We review the dismissal of an in forma pauperis suit filed by an inmate for abuse of
discretion. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ). A trial
court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference
to any guiding rules or legal principles. K-Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360
(Tex. 2000); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
We are mindful that pro se pleadings are evaluated by less stringent standards than those
applied to formal pleadings filed by attorneys.  Haines v. Kerner, 404 U.S. 519, 520, 92
S.Ct.594, 30 L.Ed.2d 652 (1972).
          The statutory scheme for inmate litigation is contained in chapter 14 of the Texas
Civil Practice and Remedies Code Annotated (Vernon 2002). The purpose of chapter 14
is to assist the trial court in determining whether a suit is malicious or frivolous under
section 14.003(a). Hickson, 926 S.W.2d at 399. 
          Section 14.004(a)(1) requires an inmate who files an affidavit of inability to pay costs
to file a separate affidavit of every suit filed pro se, without regard to whether he was an
inmate at the time, other than suits filed under the Texas Family Code. Pursuant to
subsection (a)(2), the affidavit shall describe each suit and (A) state the operative facts, (B)
list the case name, cause number, and court in which suit was filed, (C) identify each party,
and (D) state the result of the suit, including whether it was dismissed as frivolous or
malicious. Under subsection (b), an inmate must declare the date of the final order
affirming the dismissal of a previous suit if it was dismissed as frivolous or malicious.
Finally, subsection (c) requires that the affidavit be accompanied by a certified copy of the
inmate’s trust account statement. 
          The original affidavit filed by Tibbs was deficient in all the requirements of section
14.004(a)(2). He substantially complied with subsection (b) and did file a certified copy of
his trust account as required by subsection (c). Notwithstanding the amendment to his
affidavit contained in his objection to the motion to dismiss, it still lacked the information
necessary to remedy his original affidavit and was of no assistance to the trial court in
determining whether the underlying suit was frivolous or malicious. Thus, we conclude the
trial court did not abuse its discretion in dismissing Tibbs’s suit against Appellees. Tibbs’s
sole contention is overruled.
          Accordingly, the trial court’s judgment is affirmed.


                                                                           Patrick A. Pirtle

                                                                                 Justice