NO. 07-08-0415-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 6, 2009

_____

JAMES ISHMAEL TIBBS, APPELLANT

V.

WARDEN SAVERS, ET AL., APPELLEES

_____

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4315H; HONORABLE RON ENNS, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, James Ishmael Tibbs, proceeding *pro se* and *in forma pauperis*, appeals from the trial court's order dismissing his suit against Warden Savers, et al., for alleged civil rights violations. By a sole issue, Tibbs asserts the trial court abused its discretion in denying his Motion for Judgment Nihil Dicit and Motion to Prosecute. Although inartfully

drafted, Tibbs complains of the trial court's dismissal of his suit. Appellees contend the trial court correctly dismissed Tibbs's suit for failure to comply with the requirements of chapter 14 of the Texas Civil Practice Code. We agree with Appellees and affirm.

**Background Facts**

According to the clerk's record, Tibbs filed grievances against Appellees, employees at the Dalhart Unit of the Texas Department of Criminal Justice. He alleged that certain Department employees were censoring his letters to newspapers and other organizations.[1] The clerk's record reflects that disciplinary action was taken against Tibbs for the content of the letters. Tibbs filed grievances against Department officials for being punished for the content of the letters. After the grievance procedures, he filed a civil rights complaint against Appellees. He also filed an affidavit declaring his indigence. As such, he was required to file an Affidavit Relating to Previous Filings required by section 14.004 of the Texas Civil Practice and Remedies Code.

The affidavit filed by Tibbs entitled simply "Affidavit," provides as follows:

I've filed several civil action suits and have been sancioned [sic] by the 5th Circuit Court of Appeals, I've no means to fully apprize this Court of all the civil claims I've filed, however; this is an original first time for this issue I'm very confident of success due to the fact that stare decissions [sic] . . . .

---

[1]According to a copy of a TDCJ Disciplinary Report, Tibbs wrote a letter to a newspaper that provided: "Warden Savers [sic] daughter is a crack and meth whore." Another report charged Tibbs with writing a similar letter to various newspapers about another Appellees' daughter.

Appellees filed a Motion to Dismiss Tibbs's suit for failure to comply with sections 14.004 (requiring an affidavit relating to previous filings) and 14.005 (requiring an affidavit of exhaustion of administrative remedies) of the Texas Civil Practice and Remedies Code. Tibbs filed an objection to the motion and attempted to remedy his failure to comply with the requirements of section 14.004 by asserting:

> Cause No. 1; cv00546 MAC KFG Document #;2 1 filed 09/15/2008 page 2 Tibbs v. Martin, No5;96cv354 (EDTex. Feb. 3, 1997) (dismissed as frivolous) aff'd No97 40182 (5th cir. April 8th, 1998) (appeal dismissed as frivolous); Tibbs v. TDCJ ID No.5; 96cv321 (E.D.Tex. Dec. 20, 1997) dismissed as frivolous, aff'd 97 40079 (5th Cir. Oct. 23, 1997) (appeal dismissed as frivolous)
>
> This information just came from UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS 211W. Ferguson Tyler Texas 75702 However the 69th Judicial Dis. Crt, Has waived this Issue and can not barr [sic] under Section 14.004.

The trial court signed an order dismissing Tibbs's suit against Appellees "without prejudice due to his failure to comply with the requirement of Section 14.004(a)(2) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE."

We review the dismissal of an *in forma pauperis* suit filed by an inmate for abuse of discretion. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We are mindful that *pro se* pleadings are evaluated by less stringent standards than those

3

applied to formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct.594, 30 L.Ed.2d 652 (1972).

The statutory scheme for inmate litigation is contained in chapter 14 of the Texas Civil Practice and Remedies Code Annotated (Vernon 2002). The purpose of chapter 14 is to assist the trial court in determining whether a suit is malicious or frivolous under section 14.003(a). *Hickson*, 926 S.W.2d at 399.

Section 14.004(a)(1) requires an inmate who files an affidavit of inability to pay costs to file a separate affidavit of every suit filed *pro se,* without regard to whether he was an inmate at the time, other than suits filed under the Texas Family Code. Pursuant to subsection (a)(2), the affidavit shall describe each suit and (A) state the operative facts, (B) list the case name, cause number, and court in which suit was filed, (C) identify each party, and (D) state the result of the suit, including whether it was dismissed as frivolous or malicious. Under subsection (b), an inmate must declare the date of the final order affirming the dismissal of a previous suit if it was dismissed as frivolous or malicious. Finally, subsection (c) requires that the affidavit be accompanied by a certified copy of the inmate's trust account statement.

The original affidavit filed by Tibbs was deficient in all the requirements of section 14.004(a)(2). He substantially complied with subsection (b) and did file a certified copy of his trust account as required by subsection (c). Notwithstanding the amendment to his affidavit contained in his objection to the motion to dismiss, it still lacked the information

4

necessary to remedy his original affidavit and was of no assistance to the trial court in determining whether the underlying suit was frivolous or malicious. Thus, we conclude the trial court did not abuse its discretion in dismissing Tibbs's suit against Appellees. Tibbs's sole contention is overruled.

Accordingly, the trial court's judgment is affirmed.


                                        Patrick A. Pirtle
                                             Justice