

# MEMORANDUM OPINION

No. 04-09-00039-CV

Estafana Mendez **PENA**,
Appellant

v.

**EDWARDS COUNTY, TEXAS**,
Appellee

From the 63rd Judicial District Court, Edwards County, Texas
Trial Court No. 3576
Honorable Thomas F. Lee, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 9, 2009

AFFIRMED

Pursuant to the Texas Tort Claims Act, Appellant Estafana Mendez Pena sued Edwards County, Texas for injuries sustained in an automobile collision between her car and an Edwards County tractor. The jury subsequently found Pena's negligence was the sole proximate cause of the accident, and the trial court entered a judgment in favor of Edwards County. Pena raises two issues on appeal: (1) the trial court erred in admitting expert testimony, and (2) the evidence is factually insufficient to support the jury's verdict. We affirm the judgment of the trial court.

## EXPERT TESTIMONY

In the first issue on appeal, Pena argues the trial court abused its discretion in admitting the expert testimony of John Glennon. Edwards County retained Glennon, a forensic automotive technologist, to offer expert testimony regarding how the accident occurred and whether the physical evidence was consistent with Pena's allegations. Pena asserts that Edwards County failed to establish what specific knowledge, skill, experience, training, or education qualified Glennon as an expert.

A trial court's decision to admit or exclude expert testimony is reviewed under an abuse of discretion standard. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000). Texas Rule of Evidence 702 permits a witness who is "qualified as an expert by knowledge, skill, experience, training, or education" to testify "in the form of an opinion or otherwise" if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." TEX. R. EVID. 702. After a *Robinson* hearing on Pena's Motion to Exclude Expert Witness, the trial court overruled objections to Glennon's qualifications and reliability. *See E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 556 (Tex. 1995).

Later, at trial, counsel for Edwards County conducted a direct examination offering Glennon's qualifications and reliability as an expert before the jury. Counsel concluded by stating, "Your Honor, at this time I would like to tender Mr. Glennon as an expert in this field of accident reconstruction." Counsel for Pena then replied, "[n]o objection from the plaintiff, Your Honor." Error in the admission of testimony is deemed harmless and is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004); *Richardson v. Green*,

677 S.W.2d 497, 501 (Tex. 1984). Because counsel specifically stated that Pena had no objection to the admission of Glennon's testimony, we are compelled to find this issue has not been preserved for appellate review. *See Volkswagen of Am., Inc.*, 159 S.W.3d at 907.

### FACTUAL SUFFICIENCY

Pena next argues the evidence is factually insufficient to support the jury's verdict. When considering a factual sufficiency challenge, an appellate court "must consider and weigh all the evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

At trial, the jury heard testimony from Pena regarding the accident and her resulting injuries. Pena stated her car approached a slow-moving tractor occupying her lane. Pena attempted to pass the tractor on the left and testified that the tractor attempted to turn left in front of her, without signaling. According to Pena, she "hit part of the metal" and "part of the tire." Pena's passenger, Juan Ortiz offered conflicting memories of the accident. Extensive photographic evidence of Pena's car, the type of tractor involved, the accident scene, and Pena's injuries were admitted into evidence. Additionally, Pena's surgeon testified regarding Pena's injuries. However, on cross-examination, the jury also heard testimony from Pena relating to pre-existing conditions rendering her legally disabled.

The County's expert, John Glennon, examined the physical evidence prior to trial. Glennon opined that Pena "impacted the rear of the [tractor]," characterizing the collision as a rear-end collision, "not a side impact." Glennon also offered his opinion as to the closing speed of the two vehicles as well as the negligence of the two parties, ultimately concluding Pena's negligence alone caused the collision.

The jury was free to accept or reject the testimony of any witness, and we remain mindful of such findings. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). Because the evidence is not so weak that the verdict is clearly wrong and manifestly unjust, we overrule Pena's second issue on appeal. *See Cain*, 709 S.W.2d at 176.

## CONCLUSION

Pena's affirmative statement "No objection from the plaintiff" waived any objection on appeal to Glennon's expert testimony. Additionally, the evidence was factually sufficient to support the jury's verdict. Accordingly, we affirm the judgment of the trial court.

Rebecca Simmons, Justice