# CONCURRING OPINION

No. 04-10-00682-CV

Sunni S. **DIETZ**,
Appellant

v.

**HILL COUNTRY RESTAURANTS, INC.** d/b/a Clear Springs Restaurant,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 07-0254-CV
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:    Karen Angelini, Justice
Concurring Opinion by:  Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:  December 14, 2011

I do not agree with the majority's conclusion that the trial court properly excluded the testimony of appellant's expert witness, Jason English.  However, because I would affirm the trial court's judgment on other grounds, I respectfully concur.

## EXPERT WITNESS TESTIMONY

The majority relies on the Texas Supreme Court's opinion in *K-Mart v. Honeycutt*, 24 S.W.3d 357 (Tex. 2000), to hold the trial court could have reasonably concluded English's opinion would not assist a jury in determining if the condition of the walkway posed an unreasonable risk of harm because a jury would have been able to form its own conclusion about whether the walkway posed an unreasonable risk of harm.  I do not agree that this case is analogous to *Honeycutt*.  In that case, the Supreme Court upheld the lower court's exclusion of the testimony given by the plaintiffs' "human factors and safety expert" on the grounds that his

opinions were not "beyond the average juror's common knowledge." *Id.* at 360. For example, the expert asserted that the lack of a top railing created an unreasonable risk because "it served as an invitation for people to sit on the lower railing." *Id.* The Court noted that the expert's "training and experience as a human factors expert informed him that when human beings encounter a low railing, they will sit there." *Id.* at 360-61. The Court concluded the jury did not require an expert's assistance to determine whether the lack of a top railing was unreasonable because the jury could draw its own conclusions from photographs of the cart corral where the accident occurred. *Id.* at 361. In other words, "the jury's collective common sense could ably assist it in determining whether people would likely sit on the lower railing." *Id.*

Here, a portion of English's testimony included what might be characterized as opinions on "human factors" such as how humans visualize their surroundings while walking. This testimony may not have been "beyond the average juror's common knowledge." However, English also opined about the surface of the walkway and how the change in elevation presented a hazard to people walking on the surface. Because I believe such testimony may have been helpful to the jury's understanding of the circumstances of Dietz's fall, I believe the trial court erred in excluding English's testimony.

## CLEAR SPRINGS'S ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF SOME CONDITION ON THE PREMISES

For the same reasons the majority concluded Dietz did not present more than a scintilla of evidence on whether the condition presented an unreasonable risk of harm, I believe she also failed to adduce more than a scintilla of evidence that Clear Springs had actual or constructive knowledge that a condition on the premises posed an unreasonable risk of harm.

Dietz testified she had walked on the walkway on several prior occasions, and did not have a problem with the walkway in the past. Similarly, Dietz's mother and father testified in

their depositions that they had visited the restaurant on previous occasions, and did not have a problem with the walkway in the past. Clear Springs's general manager, Harry Kelly, who had been the restaurant's general manager for twelve years and a restaurant employee for over eighteen years, stated the walkway had remained unchanged since before he started working at the restaurant. As general manager, he was informed of all incidents in which a person at the restaurant was injured or claimed to have been injured. Kelly estimated there had been tens of thousands of people who had walked on the walkway since he had become general manager, and no one other than Dietz had ever reported a fall or an injury on the walkway, or complained that the walkway was unsafe.

Viewing the evidence in the light most favorable to Dietz, I conclude there was no evidence Clear Springs had actual or constructive knowledge of some condition on the premises that posed an unreasonable risk of harm. For this reason, the trial court properly granted Clear Springs's motion for a no-evidence summary judgment. Accordingly, I concur in the judgment.

Sandee Bryan Marion, Justice