In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-12-00529-CV
IN RE COMMITMENT OF RAUL FERNANDO BARRON

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-02-01799-CV**

## MEMORANDUM OPINION

Raul Fernando Barron challenges his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012) (the SVP statute). We conclude that the statute is constitutional, the trial court's exclusion of evidence does not support a reversal, and the evidence is sufficient to support the jury's verdict.

### THE CONVICTIONS

Barron was arrested in 1971 for indecent exposure when he was fourteen years old. He was convicted and placed on two years of probation. In 1977, Barron was convicted of murder and received a fifteen year sentence. He was released on

mandatory supervision in 1983. In 1984, while on mandatory supervision, Barron pleaded guilty to indecency with a child and received a ten year sentence. In 1987 he was released on mandatory supervision. In 1988, he was indicted on two counts of indecency with a child by contact. Barron fled to New Mexico. He returned to Texas in 1993 and was arrested. His mandatory supervision was revoked in 1994 when he pleaded guilty to the two counts of indecency with a child by contact. He received two twenty-five-year sentences, to run concurrently. He was released again on mandatory supervision in 2003. His mandatory supervision was revoked in 2006. At the time of trial, he was serving his sentences for the two convictions of indecency with a child by contact.

## THE STATUTE

The State was required to prove beyond a reasonable doubt that Barron is a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). A person is a "sexually violent predator" subject to commitment if the person: "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a) (West 2010). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to

2

the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2012). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

CONSTITUTIONALITY CHALLENGE

Barron maintains that the Texas Supreme Court's decision in *In re Commitment of Bohannan*, interpreted portions of the SVP statute in a way that rendered the statute facially unconstitutional. 388 S.W.3d 296 (Tex. 2012), *cert. denied,* 2013 WL 1499264 (U.S. May 28, 2013). Barron contends that *Bohannan* relieves the State of the burden of demonstrating that a person has a mental illness. As this Court has previously stated, "*Bohannan* did not eliminate any proof required by the statute for a sexually-violent-predator finding, nor did the Supreme Court change the statute or render it unconstitutional." *In re Commitment of Anderson*, 392 S.W.3d 878, 885 (Tex. App.—Beaumont 2013, pet denied). We overrule issue one.

3

EVIDENTIARY CHALLENGE

In issue two, Barron challenges the trial court's ruling excluding the evidence of a victim's recantation. Barron argues the evidence was offered to show that he does not have a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

Barron argues that his expert, Dr. Tennison, would have testified, based on one of the victim's (Barron's niece's) recantation, that Dr. Tennison believed Mr. Barron to be actually innocent of the offense against her. In response to the State's requests for admissions, Barron admitted to pleading guilty to the sexually violent offenses (indecency with a child by contact) against his two nieces, and he was convicted of those offenses. Based on the two prior convictions, the trial court granted a directed verdict on the issue of whether Barron qualified as a repeat sexually violent offender. The trial court explained that it would not allow the evidence of any alleged recantation by Barron's niece because that offer represented a collateral attack on the underlying convictions.

A trial court's exclusion of expert testimony is reviewed on appeal for an abuse of discretion. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000). The convictions have not been set aside, and Barron was serving the sentences for the convictions. This is not the proceeding for a collateral attack on the judgments

4

of convictions. *See In re Commitment of Hinkle*, No. 09-09-00584-CV, 2011 WL 2420884, at *6 (Tex. App.—Beaumont June 16, 2011, pet. denied); *see also* Tex. R. Evid. 401, 402, 702. The trial court did not abuse its discretion in excluding the evidence. Issue two is overruled.

SUFFICIENCY OF THE EVIDENCE

Barron challenges the legal and factual sufficiency of the evidence to support a finding that he has serious difficulty controlling his behavior and that he is likely to engage in a predatory act of sexual violence in the future. *See In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied) (legal sufficiency standard of review). Specifically, Barron argues that the opinion of the State's expert, Dr. Self, "does not meet the standard enunciated" by *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), and that his "definition of 'likely' falls short of the level of dangerousness the State must show to justify involuntary civil commitment." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied) (factual sufficiency standard of review).

Barron testified that he has a history of exposing himself and that he has done it so often that he cannot provide a number of how many times. He stated that he prefers to expose himself to girls under the age of ten, that many times he

5

exposed himself and did not get caught, and that he could not control his urges when he committed the exposure offenses. Barron admitted he pleaded guilty to the indecency-with-a-child-by-contact offenses, but denied that he committed the offenses. Upon release, he plans on living with his mother and brother. His brother is a sex offender.

Barron explained that he did not complete sex offender treatment. From the sex offender treatment he did receive, he believes that he "will not reoffend" and "will not create another victim." He testified that he does not know what triggered him to sexually offend against little girls, and in the past he felt a rush when he exposed himself. Although he admitted that he lost control of his sexual urges on multiple occasions in the past, he testified that the urges have stopped and he did not do anything to stop them. He does not believe he will sexually offend in the future and does not believe he currently has a problem with sexual behavior. He does not believe he needs sex offender treatment.

Dr. Self, a forensic psychiatrist, testified for the State. He testified that Barron has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Self's methodology included reviewing records and conducting an interview with Barron. The records reviewed included criminal

records, legal documents, psychiatric and medical records, prison records, parole records and other documents.

Dr. Self diagnosed Barron with pedophilia, sexual deviancy, exhibitionism, adult antisocial behavior, and a history of substance abuse. Dr. Self stated that although Barron is "a reasonably intelligent man," the fact that he spent "25 years or more of his 61 years locked in the penitentiary" mostly for sexual offenses demonstrates that he has difficulty controlling his sexual urges and behaviors. Self explained that Barron's history of reoffending after being released on parole shows that his condition affects his volitional capacity. Dr. Self testified that studies of pedophilia note that the disease is chronic and "does not go away." He testified that some pedophiles may be able over time to learn not to act on their urges and therefore the condition may "diminish to some extent in its urgency or intensity, but it doesn't go away."

Dr. Self testified that men older than Barron act out on their pedophilia, that the disorder is a persisting disorder that one does not "age out" of, and that the best predictor of Barron's future behavior is his past behavior. Dr. Self testified that Barron's "kind of magical thinking" that his urges "just went away" is "implausible." Barron testified in his deposition and told Dr. Self that basically Barron's impulses just overwhelmed his ability to control.

Dr. Tennison, a forensic psychiatrist, testified for Barron. Tennison interviewed Barron and reviewed records to aid Tennison in determining whether Barron suffers from a behavioral abnormality. Dr. Tennison disagreed with Dr. Self's diagnosis of pedophilia. Dr. Tennison testified that he does not believe Barron has the behavioral abnormality described in the law, and that Barron is not likely to engage in a predatory act of sexual violence. Dr. Tennison concluded there is no evidence of Barron's "lacking control with regard to anything that would be considered sexually violent" and that "there's no evidence of him having volitional impairment with the exception of past exhibitionistic behavior, which appears to be very unlikely at this time."

The jury determines the credibility of the witnesses and the weight to be given their testimony, and whether to believe some testimony and disbelieve other testimony. *In re Commitment of Mullens*, 92 S.W.3d at 887. The jury may draw reasonable inferences from the evidence. *See Lacour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). Barron's difficulty in controlling his behavior can be inferred from his past behavior, his own testimony, and Dr. Self's testimony. *See In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 WL 5205387, at *4 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.); *In re Commitment of Wilson*, No. 09-08-00043-CV, 2009 WL 2616921, at *5 (Tex. App.—Beaumont

8

Aug. 27, 2009, no pet.) (mem. op.). The jury heard evidence of the offenses, Barron's testimony that he did not know what triggered his urges, the expert testimony regarding Barron's risk for reoffending, and evidence of Barron's repeated reoffending while on mandatory supervision. Considering all the evidence in the light most favorable to the verdict, we conclude the jury could reasonably find beyond a reasonable doubt that Barron has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. We conclude the record does not reflect a risk of injustice that compels granting a new trial. Issues three and four are overruled. The judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on May 24, 2013
Opinion Delivered July 11, 2013

Before McKeithen, C.J., Gaultney and Horton, JJ.

9