**Affirmed and Memorandum Opinion filed December 3, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00905-CV

---

**STEVEN R. LEVY, Appellant**

**V.**

**CACH, L.L.C., Appellee**

---

**On Appeal from the County Civil Court at Law Number 1
Harris County, Texas
Trial Court Cause No. 1003903**

---

## M E M O R A N D U M   O P I N I O N

A debtor challenges a creditor's collection judgment on the grounds that the trial court erred in admitting business records reflecting the debt. The debtor argues that inconsistencies in the business records showed they were untrustworthy and therefore inadmissible hearsay. He further asserts that the trial court violated his due-process rights by allowing the creditor's counsel to testify in support of admitting the business records. We conclude that the trial court did not abuse its

discretion in admitting the records at issue over the debtor's "untrustworthiness" objection. Moreover, the challenged statements of the creditor's counsel were arguments of counsel, not testimony, and the debtor did not preserve error as to the due-process claim he asserts on appeal. Accordingly, we affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/defendant Steven R. Levy, in 2003, co-signed Derrick McDonald's application for a credit card with U.S. Bank National Association ND (the "Bank"). Levy understood that he was financially responsible for payment of the amounts charged on the credit card, but Levy thought that the account was closed in 2006, and disputed his liability for the outstanding balance. The Bank sold this account to appellee/plaintiff CACH, L.L.C. in 2009, and CACH filed suit against Levy asserting a claim for breach of contract. Humberto Zamora, an employee of the Bank, executed an affidavit establishing the Bank's sale of this account to CACH and the account balance when the Bank sold the account to CACH. In this affidavit, Zamora also stated that the original credit card application for this account had been destroyed or was no longer accessible to him.

Tom Vigil, an authorized agent and records custodian of CACH, executed a business-records affidavit, attempting to prove that the documents attached to the affidavit were business records of CACH. Included in these documents was a form of the Bank's cardmember agreement and the Zamora affidavit.

The case proceeded to a bench trial. During trial, CACH sought to introduce into evidence the business-records affidavit and attached documents. Levy objected to the admission of the documents on the grounds that the records are hearsay not meeting the requirements of the business-records exception to the hearsay rule because inconsistent information in the documents shows that they are

2

not trustworthy.  Specifically, Levy asserted that, Zamora testified in his affidavit that the original credit-card application for this account had been destroyed or was no longer accessible to him, yet a cardmember agreement dated 2006 was attached to Vigil's affidavit.  Levy also argued that Zamora testified that the balance Levy owed when the Bank sold the account was $8,514.53, yet the last credit-card statement contained in the business records allegedly showed a zero balance.  The trial court overruled Levy's objection and admitted the evidence.  The trial court rendered judgment in favor of CACH in the amount of $8,514.53 in actual damages as well as reasonable attorney's fees.

## II. ISSUES AND ANALYSIS

In his first appellate issue, Levy argues that the trial court erred in admitting Vigil's business-records affidavit over Levy's objection.  Under his second issue, Levy complains that the trial court erred in allowing CACH's counsel to testify over Levy's objection.  Levy also asserts that the trial court violated his constitutional right to due process by depriving him of the opportunity to confront and cross-examine the business-records custodian regarding inconsistencies in the business records.

### A. Did the trial court err in admitting Vigil's business-records affidavit over  Levy's objection?

We review a trial court's evidentiary ruling for abuse of discretion.  *See K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam).  A trial court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding principles.  *See id.*  An abuse of discretion does not occur merely because the appellate court would have decided a discretionary matter in a different way than the trial court.  *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

3

In his objection, Levy asserted that the records contained in Vigil's affidavit were hearsay that did not meet the requirements of the business-records exception to the hearsay rule because two inconsistencies in the documents shows that they are not trustworthy. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). Under the business-records exception to the hearsay rule, the following is not excluded even though the declarant is available as a witness:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Tex. R. Evid. 803(6). Third-party documents can become the business records of an organization and, consequently, admissible under rule 803(6), if (1) the documents are incorporated and kept in the course of the testifying witness's business; (2) the business typically relies upon the accuracy of the contents of the documents; and (3) the circumstances otherwise indicate the trustworthiness of the documents. *See Kirkpatrick v. LVNV Funding, L.L.C.*, No. 01-11-00382-CV, 2012 WL 1564294, at *8 (Tex. App.—Houston [1st Dist.] May 3, 2012, no pet.) (mem. op). In his objection, Levy challenged only the last element, arguing that the two discrepancies are circumstances indicating that the documents are not trustworthy.[1]

The first alleged discrepancy is that Zamora testified in his affidavit that the

---

[1] Levy does not challenge the other elements of the business-records exception.

original credit-card application for this account had been destroyed or was no longer accessible to him, yet a cardmember agreement dated 2006 was attached to Vigil's affidavit. But, the trial court reasonably could have concluded that there was no discrepancy. Vigil did not testify that the form of cardmember agreement attached to his affidavit was the original credit-card application for this account. No document attached to Vigil's affidavit purports to be the 2003 credit-card application that Zamora said had been destroyed or was not accessible to Zamora. The cardmember agreement attached to Vigil's affidavit is a form agreement showing the terms of the cardmember agreement. It does not purport to be an agreement specifically between the Bank and Levy. The trial court did not abuse its discretion by impliedly concluding that the circumstances indicated the trustworthiness of the documents, despite this alleged discrepancy. *See Truong v. Dodeka, L.L.C.*, No. 14-10-00818-CV, 2011 WL 2693504, at *2–4 (Tex. App.— Houston [14th Dist.] Jul. 12, 2011, no pet.) (mem. op) (holding that trial court did not abuse its discretion by admitted documents under business-records exception to the hearsay rule over appellant's objection that two discrepancies showed that the documents were not trustworthy).

The second alleged discrepancy made the subject of Levy's objection is that Zamora testified that the balance Levy owed when the Bank sold the account was $8,514.53, yet the last credit-card statement contained in the business records allegedly showed a zero balance. Though the last credit-card statement does contain conflicting information, it does not reflect a zero balance. The prior statements in the business records are consistent and reflect the balance on the account at the end of each billing period. The balance prior to the final statement was $8,328.93. Part of the final statement reflects a balance of $8,328.93, which had accrued $185.60 in interest. The sum of these two amounts is $8,514.53. But,

5

other parts of this statement contain data that conflicts with the foregoing information. In these conflicting portions, there are statements that (1) the previous balance is $7,385.60; (2) there are no new finance charges; (3) the outstanding balance is $7,200; (4) there is no revolving line of credit; (5) there is no minimum payment due or past due; and (6) payments and credits have been made in the amount of $8,328.93 based upon reversal of late payment fees, a credit for interest, and a "credit adjustment charge off." This statement contains conflicting statements and inaccuracies regarding the amount owed by Levy. Nonetheless, a failure by the Bank to keep accurate records of its customers' credit-card debt could result in criminal or civil penalties. *See* Tex. Fin. Code Ann. § 392.304(a)(8) (West 2013) (prohibiting misrepresentations of the amount of a consumer debt); *id.* § 392.402 (West 2013) (providing for criminal penalties for violations of chapter 392 of the Texas Finance Code); *Kirkpatrick*, 2012 WL 1564294, at *8. We conclude that the trial court did not abuse its discretion by impliedly determining that the circumstances indicated the trustworthiness of the documents, despite these issues with the final statement.[2] *See Kirkpatrick*, 2012 WL 1564294, at *8; *Truong,* 2011 WL 2693504, at *2–4. Likewise, we find no abuse of discretion in the trial court's admission of the records at issue over Levy's "untrustworthiness" objection.[3] Accordingly, we overrule Levy's first issue.

---

[2] Levy argues that the *Simien* case is not on point and urges this court not to rely upon it. *See Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 243–45 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We do not rely on the *Simien* case in deciding this case.

[3] In *Ortega v. Cach, L.L.C.*, the court addressed the admissibility of hearsay statements in certain paragraphs of affidavits dealing with the assignment and sale of the account; the court did not address the admissibility of the billing statements or credit-card agreements. *See* 396 S.W.3d 622, 629–32 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The *Ortega* case is not on point. *See id*.

**B. Did the trial court err in allowing CACH's counsel to testify regarding the final credit card statement over Levy's objection?**

Under his second issue, Levy complains that the trial court erred in allowing CACH's counsel to testify regarding the final credit-card statement over Levy's objection. Levy also asserts that the trial court violated his constitutional right to due process by depriving him of the opportunity to confront and cross-examine the business-records custodian regarding inconsistencies in the business records.

When CACH offered Vigil's business-records affidavit into evidence at trial, Levy asserted his "untrustworthiness" objection. In arguing this objection to the court, Levy asserted that there were discrepancies in the final credit card statement. In response, CACH's counsel twice asserted that this statement was "the charge-off statement." Each time, Levy objected that CACH's counsel was testifying. The trial court stated that it thought that CACH's counsel was responding to Levy's objection rather than testifying. Presuming for the sake of argument that Levy preserved error on this issue, we conclude that his objection lacked merit because CACH's counsel was arguing Levy's objection to the court rather than giving testimony. *See Cleveland v. Taylor*, 397 S.W.3d 683, 693 (Tex. App.—Houston [1st Dist.], 2012, pet. denied) (stating that an attorney's arguments do not constitute evidence); *Brogan v. Brownlee*, 358 S.W.3d 369, 371 (Tex. App.—Amarillo, 2011, no pet.) (noting that comments or argument made by attorneys during trial are not evidence).

As to Levy's argument that the trial court violated his constitutional right to due process, Levy did not voice this complaint in the trial court and thus failed to preserve error. *See Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397, 404–05 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Lee v. City of Houston*, No. 14-05-00366-CV, 2006 WL 2254401, at *3–4 (Tex. App.—Houston [14th Dist.] August 8, 2006, pet. denied).

We overrule Levy's second issue.

## III. CONCLUSION

The trial court did not abuse its discretion in admitting the records at issue over Levy's "untrustworthiness" objection.  Presuming for the sake of argument that Levy preserved error on this issue, we conclude that the trial court did not err in overruling Levy's objection that CACH's counsel was giving testimony.  Levy failed to preserve error in the trial court regarding his complaint that the trial court violated his constitutional right to due process.  Accordingly, we affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Donovan.