# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00209-CV

---

**In re Prabhakar Gopalan**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

In his petition for writ of mandamus, Prabhakar Gopalan asserts that the trial court abused its discretion by excluding the testimony of his expert designated to challenge the court-appointed child-custody evaluator's methodology. Gopalan contends that his expert is not bound by the Family Code requirements applied by the trial court because his expert was not serving as a child-custody evaluator or offering an expert opinion or recommendation on conservatorship of or possession of or access to a child. He also contends that the district court abused its discretion by concluding that the probative value of his expert's testimony was outweighed by its prejudicial effect. Gopalan contends that he lacks an adequate remedy by appeal because the improper exclusion of this expert testimony severely compromises his ability to present a claim or defense, rendering a trial a waste of judicial resources. We deny the petition.

### BACKGROUND

This proceeding arises out of the divorce suit between Gopalan and Andrea Marsh, which includes conservatorship and access issues concerning their two minor children.

The court appointed Dr. Stephen Thorne as a child-custody evaluator under Texas Family Code chapter 107.  Pursuant to the court's order, Dr. Thorne supplied an evaluation in December 2019 and an updated evaluation in October 2020.

Gopalan designated Dr. Peter Simione as a witness who would review the custody evaluation; Dr. Simione supplied reports reviewing and analyzing both Dr. Thorne's original and updated custody evaluations.

Marsh filed a motion to exclude Dr. Simione and his testimony.  Marsh argued that Dr. Simione was not qualified to give an opinion because the court did not appoint him to conduct a child-custody evaluation under Family Code chapter 107.  Marsh contended that Dr. Simione's testimony was barred because he did not complete each element of a custody evaluation as required by Family Code sections 104.008(a) and 107.109(a).  Marsh further contended that any probative value of the testimony would be outweighed by the danger of unfair prejudice, confusion, or delay.

After a hearing, the trial court excluded Dr. Simione's testimony, concluding that he did not perform a custody evaluation and, therefore, cannot meet the requirements of Chapter 107.  The trial court also concluded that any probative value of Dr. Simione's testimony is outweighed by the potential for confusion.

**APPLICABLE LAW**

Mandamus will issue to correct a clear abuse of discretion when an adequate remedy by appeal does not exist.  *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *Perry Homes v. Cull*, 258 S.W.3d 580, 586 (Tex. 2008); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker*

2

*v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts without reference to guiding rules or principles or acts in an arbitrary or unreasonable manner. *Garza*, 544 S.W.3d at 840. A trial court has no discretion in determining what the law is or in applying the law to the facts. *In re Allstate Cnty. Mut. Ins.*, 85 S.W.3d 193, 195 (Tex. 2002) (orig. proceeding); *Walker*, 827 S.W.2d at 839. Admissibility of expert testimony is within the trial court's discretion. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000).

## ANALYSIS

"A person may not offer an expert opinion or recommendation relating to the conservatorship of or possession of or access to a child at issue in a suit unless the person has conducted a child custody evaluation relating to the child under Subchapter D, Chapter 107." Tex. Fam. Code § 104.008(a). Consistent with that statute, the trial court found that Dr. Simione did not perform a custody evaluation and excluded his testimony.

While the parties agree that Dr. Simione did not perform a custody evaluation, they diverge sharply on the significance of that fact. Gopalan contends that Section 104.008(a) does not apply to Dr. Simione because he did not offer an expert opinion or recommendation about possession, custody, or access, but simply critiqued the methodology Dr. Thorne used in reaching *his* recommendation on that subject. Marsh argues that Dr. Simione's critique of Dr. Thorne's conservatorship opinion relates to the conservatorship of the children, bringing it within the scope of section 104.008(a).

Gopalan contends that section 104.008(a) applies only to a court-ordered child custody evaluator and evaluation, and he posits that "identifying the flawed methodology in

3

Dr. Thorne's custody evaluation is not the equivalent of offering an opinion on custody." But the exclusionary effect of section 104.008(a) applies to "persons" who have not performed child custody evaluations under Family Code chapter 107. *See* Tex. Fam. Code § 104.008(a). Further, section 104.008(a) does not require that the excluded testimony be the equivalent of an opinion on custody; it authorizes exclusion of testimony merely "relating to" the conservatorship of or possession of or access to a child at issue.

Though the Family Code does not define "relating to," that and similar phrases are read broadly in other contexts. *See Cavin v. Abbott*, 545 S.W.3d 47, 69 (Tex. App.—Austin 2017, no pet.); *Serafine v. Blunt*, 466 S.W.3d 352, 390-93 (Tex. App.—Austin 2015, no pet.) (Pemberton, J., concurring) (construing "relates to" in the Texas Citizens' Participation Act); *see also Kirby Highland Lakes Surgery Ctr., L.L.P. v. Kirby*, 183 S.W.3d 891, 897-98 (Tex. App.—Austin 2006, no pet.) (determining scope of arbitration clauses). In *Serafine*, Justice Pemberton noted that the ordinary meaning of "relates to" would denote "some sort of connection, reference, or relationship." *Serafine*, 466 S.W.3d at 391 (citing *Webster's Third New Int'l Dictionary* 1916 (2002) and *The American Heritage Dictionary of the English Language* 148 (2011)).

Dr. Thorne's report recounted his observations of the parents and children, then made recommendations on conservatorship, possession, and other conditions. In Dr. Simione's reports, he reviewed Dr. Thorne's observations, then criticized the scope of information considered and opined that Dr. Thorne's recommendations were disconnected from some of the findings and appeared to be quite one-sided, among other concerns. Dr. Simione concluded that Dr. Thorne's custody evaluation has substantive problems that may impact both the determinations and recommendations, that the trial court should be careful when using them, and

4

that, if the court had concerns regarding the truthfulness or validity of the issues, a "more equal custody and possession arrangement would be recommended." Dr. Simione's reports provide insight into his potential testimony, and the trial court did not clearly abuse its discretion by concluding that Dr. Simione's reports and potential testimony have at least some sort of connection or reference to the conservatorship of or possession of or access to the children in the case at trial. *See Serafine*, 466 S.W.3d at 391.

The trial court did not clearly abuse its discretion by excluding Dr. Simione from testifying as an expert. Dr. Simione undisputedly did not conduct a child custody evaluation. He therefore cannot offer an expert opinion or recommendation relating to the conservatorship of or possession of or access to a child at issue in a suit. *See* Tex. Fam. Code § 104.008(a).

Further, Gopalan has not shown that he will suffer irreparable harm from the exclusion of this testimony. For example, he has not shown that he is unable to challenge Dr. Thorne's opinion through a *Daubert* hearing, nor has he shown that Dr. Simione's criticisms cannot be used for effective examination during deposition or cross-examination at trial.

The petition for writ of mandamus is denied.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Smith

Filed: July 15, 2021