Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★



# OPINION

No. 04-10-00682-CV

Sunni S. **DIETZ**,
Appellant

v.

**HILL COUNTRY RESTAURANTS, INC.** d/b/a Clear Springs Restaurant,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 07-0254-CV
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:    Karen Angelini, Justice
Concurring Opinion by:  Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  December 14, 2011

AFFIRMED

In this premises liability case, appellant Sunni Dietz appeals the trial court's grant of no-evidence and traditional summary judgments to appellee, Hill Country Restaurant, Inc. d/b/a Clear Springs Restaurant ("Clear Springs"). In three issues, Dietz argues the trial court erred in excluding the opinion testimony of her expert, and in granting Clear Springs's motions for no-evidence and traditional summary judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Dietz sued Clear Springs to recover damages for personal injuries suffered when she fell on a walkway at its restaurant in Guadalupe County, Texas. In her petition, Dietz alleged that while leaving Clear Springs Restaurant, she stepped in a "hole" in a walkway causing her to fall. Dietz further alleged she sustained severe injuries to her left leg and body as a result of the fall.

After an adequate time for discovery had passed, Clear Springs moved for no-evidence summary judgment, asserting among other things there was no evidence the condition of the walkway presented an unreasonable risk of harm.[1] Clear Springs also moved for traditional summary judgment on various grounds. In her response to the no-evidence summary judgment motion, Dietz asserted there was some evidence on each of the challenged elements of her claim. In support of this position, Dietz pointed to the report and deposition testimony of her expert witness, safety engineer Jason T. English; her own deposition testimony; the deposition testimony of her mother and father; and the affidavit and deposition testimony of Clear Springs's general manager, Harry Kelly.

Thereafter, Clear Springs objected to the admission of English's mental impressions and opinions because they would not assist the trier of fact. According to Clear Springs, the determination of whether the walkway posed an unreasonable risk of harm, and whether Clear Springs had actual or constructive knowledge of this unreasonable risk of harm, was one that could, and should, be made by the trier of fact, rather than by an expert. Clear Springs also objected to English's testimony because his opinions were neither relevant, nor reliable. The trial court sustained Clear Springs's objections to English's deposition testimony and affidavit,

---

[1]Clear Springs's no-evidence summary judgment motion challenged two other elements of Dietz's claim, (1) that Clear Springs had actual or constructive knowledge of a condition on the premises; and (2) that the failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused Dietz's injury.

including English's opinions as to whether the condition of the walkway posed an unreasonable risk of harm. The trial court overruled Clear Springs's objections to English's qualifications.

The trial court then granted Clear Springs's motions for no evidence and traditional summary judgment, and rendered judgment that Dietz take nothing on her claim. This appeal ensued.

## ELEMENTS OF DIETZ'S PREMISES LIABILITY CLAIM

Because Dietz was an invitee on Clear Springs's premises, Clear Springs had a duty to exercise reasonable care to protect Dietz from dangerous conditions of which it had actual or constructive knowledge. *See Smith v. Mohawk Mills, Inc.*, 260 S.W.3d 672, 674 (Tex. App.—Dallas 2008, no pet.) (citing *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006)). However, this duty did not make Clear Springs an insurer of Dietz's safety. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007). In other words, a condition is not unreasonably dangerous simply because it is not foolproof; instead, a condition is unreasonably dangerous if it presents an unreasonable risk of harm. *Id*.

To be successful on her premises liability claim, Dietz was required to prove four elements: (1) Clear Springs had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) Clear Springs did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) the failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused Dietz's injury. *See LNB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006); *H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218 (Tex. 1999).

**EXCLUSION OF EXPERT TESTIMONY**

Admissibility of expert testimony is a matter within the trial court's discretion. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000); *E.I. du Pont de Nemours and Co., Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to guiding rules or legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Instead, the test is whether the trial court acted without reference to any guiding rules and principles. *Id*. "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id*. at 242.

Texas Rule of Evidence 702, which governs the admission of expert testimony, provides, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." TEX. R. EVID. 702. The Texas Supreme Court has recognized that Rule 702 makes inadmissible expert testimony on a matter that is obviously within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance to the trier o -fact. *Honeycutt*, 24 S.W.3d at 360. As the Texas Supreme Court stated in *Honeycutt*,

> That a witness has knowledge, skill, expertise, or training does not necessarily mean that the witness can assist the trier-of-fact. Expert testimony assists the trier-of-fact when the expert's knowledge and experience on a relevant issue are beyond that of the average juror and the testimony helps the trier-of-fact understand the evidence or determine a fact issue. When the jury is equally competent to form an opinion about the ultimate fact issues, or the expert's

testimony is within the common knowledge of the jury, the trial court should exclude the expert's testimony.

*Id*. (citations omitted).

In his report and deposition testimony, English explained the various factors that contribute to falls on a walking surface, and identified several construction codes and standards pertaining to walking surfaces. As to the alleged unreasonable risk of harm posed by the walkway in this case, English opined that "the primary unsafe condition" "was the presence of an uneven concrete walkway surface with numerous depressions (holes)."

On appeal, Dietz argues the trial court abused its discretion in excluding English's opinion testimony. According to Dietz, English would have assisted the jury because he would have provided specialized knowledge of the human visual field and musculoskeletal system during the walking process; would have identified depressions in a walkway of the size in question as hazards; and would have explained why it was not only possible but prudent for Clear Springs to identify, evaluate, and control the hazard before someone like Dietz fell. We disagree.

The present case is analogous to *Honeycutt*, where the plaintiffs, Lisa and Michael Honeycutt, sued a store owner after Lisa was hit by shopping carts while sitting on a defective railing of a cart corral. 24 S.W.3d at 359. The plaintiffs' expert opined that the cart corral presented an unreasonable risk of injury because it was missing a top railing; that the accident would not have occurred but for the lack of a top rail; that the employee who pushed the carts into the cart corral was not properly trained; that the employee who pushed the shopping carts failed to keep a proper lookout; and that Lisa was not contributorily negligent. *Id*. The store owner moved to exclude the expert's testimony on the basis that the expert did not satisfy the requirements of Rule 702 because his opinions were not relevant and reliable and were in the

average juror's common knowledge. *Id*. The trial court excluded the expert's testimony, and the plaintiffs made a bill of exceptions. *Id*. at 359-60. The matter was tried to a jury, who found Lisa eighty-percent negligent. *Id*. at 360. The trial court rendered a take-nothing judgment against the plaintiffs, and the plaintiffs appealed. *Id*.

The Corpus Christi Court of Appeals held the trial court abused its discretion in excluding the expert's testimony; however, the Texas Supreme Court reversed the judgment of the court of appeals, and rendered judgment that the plaintiffs take nothing. *Id*. at 360-61. The Texas Supreme Court held that none of the expert's opinions would have been helpful to the jury. *Id*. at 360. In particular, the Texas Supreme Court concluded that the jury did not need an expert's assistance in determining if the lack of a top railing was unreasonable; the jury viewed photographs of the cart corral and could draw its own conclusions. *Id*. at 361. "In this case, the jury's collective common sense could ably assist it in determining whether people would likely sit on the lower railing." *Id*.

In arguing the trial court abused its discretion in excluding English's testimony, Dietz relies on *Burns v. Baylor Health Care Sys.*, 125 S.W.3d 589, 595-96 (Tex. App.—El Paso 2003, no pet.). In *Burns*, the plaintiff brought a premises liability claim, alleging she fell and sustained injuries in a parking garage because the floor and the curb were painted in such a manner as to create the illusion that there was no curb. *Id*. at 592. The defendant moved to strike the plaintiff's expert's testimony on grounds it would not assist a jury and was not relevant and reliable. *Id*. at 591-93. The trial court granted the motion, and excluded the testimony of the plaintiff's expert. *Id*. at 592. On appeal, the plaintiff argued the expert provided specialized knowledge on the human visual process that would assist a jury, and explained how the parking garage floor may have created the optical illusion of a flat surface. *Id*. at 595-96. The plaintiff further argued the

expert would assist the jury in understanding that the curb and the floor should have been painted in a way that would not have created an optical illusion; that it was possible for the defendant to have identified, evaluated, and controlled the hazard before someone fell; and that a stair is a hazard and painting hazards a certain way can decrease the risk of injury. *Id*. In reversing the trial court's ruling, the El Paso Court of Appeals concluded the trial court abused its discretion because the expert's testimony "provide[d] a depth or precision to the trier of fact's understanding of a relevant issue in this case." *Id*. at 596.

In the present case, however, we are not persuaded that the trial court's decision to exclude English's testimony was arbitrary, unreasonable, or without reference to guiding rules or principles. Instead, we conclude the trial court could have reasonably concluded English's opinion would not assist a jury in determining if the condition of the walkway posed an unreasonable risk of harm. A jury would have been able to observe the photographs of the walkway where the fall took place. A jury would have been able to hear testimony about prior falls or near falls, if any, at the site where the fall took place. A jury would have been able to hear testimony about complaints, if any, about the site where the fall took place. From this evidence, a jury would have been able to form its own conclusion about whether the walkway posed an unreasonable risk of harm. *See Honeycutt*, 24 S.W.3d at 361 (concluding jury did not need an expert's opinion in determining if the lack of a top railing was unreasonable when it could view photographs and draw its own conclusion). When a jury is just as competent as the expert to form an opinion about the ultimate fact issues, or when the expert's testimony is within the jury's common knowledge, we must uphold the trial court's ruling excluding expert testimony. *See id.* at 360-61 (holding trial court acted within its discretion in excluding expert

testimony). We, therefore, conclude the trial court did not abuse his discretion in excluding the expert's testimony.

## NO-EVIDENCE SUMMARY JUDGMENT STANDARDS

Under Rule 166a(i), a party may move for a no-evidence summary judgment on the ground there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *Id*.

We review a trial court's decision to grant a motion for summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A no-evidence motion for summary judgment is essentially a pretrial directed verdict, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003); *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). In reviewing a trial court's order granting a no-evidence summary judgment, we consider the evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *Chapman*, 118 S.W.3d at 751. A no-evidence summary judgment is properly granted if the respondent fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id*. at 751; *see* TEX. R. CIV. P. 166a(i). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Moore*, 981 S.W.2d at 269. Less than a scintilla exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id*.

When, as here, the trial court grants both a traditional and a no-evidence summary judgment, we first review the trial court's decision as to the no-evidence summary judgment.

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If an appellant failed to produce more than a scintilla of evidence under the no-evidence standard, there is no need to analyze whether an appellee's summary judgment proof satisfied the burden related to traditional summary judgment motions. *Id*.

#### UNREASONABLE RISK OF HARM

In her second issue, Dietz argues the trial court erred in granting Clear Springs's motion for no-evidence summary judgment because she presented more than a scintilla of evidence on each challenged element of her claim. We begin our analysis by addressing whether there was more than a scintilla of evidence that the condition presented an unreasonable risk of harm, which was the second element of Dietz's claim.

A condition poses an unreasonable risk of harm when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002); *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970). Although there is no definitive, objective test for determining if a condition presents an unreasonable risk of harm, evidence of other falls attributable to the same condition, or evidence of the defectiveness of the condition causing the fall is probative but not conclusive on this element. *Seideneck*, 451 S.W.2d at 754.

Here, the summary judgment evidence showed Dietz fell on an aggregate walkway made of pebbles and concrete. The walkway was more than eighteen years old. At the site where Dietz fell, there were five depressions, which were characterized as "bootprints" created when

someone walked across the concrete surface before it had dried. These depressions measured in depth from 0.366 to 0.576 inches.[2]

Dietz stated in her deposition that she was walking toward the restaurant's parking lot when the accident occurred. According to Dietz, she stepped into one of the "holes" in the walkway, which "threw" her off balance and caused her to fall. Dietz also testified that she had walked on the walkway on several prior occasions, and did not have a problem with the walkway in the past. Similarly, Dietz's mother and father testified in their depositions that they had visited the restaurant on previous occasions, and did not have a problem with the walkway in the past.

Finally, Clear Springs's general manager, Harry Kelly, stated in an affidavit that the walkway in question had remained unchanged since before he started working at the restaurant. Kelly had been the restaurant's general manager for twelve years, and had been a restaurant employee for over eighteen years. As general manager, Kelly was informed of all incidents in which a person at the restaurant was injured or claimed to have been injured. Kelly estimated there had been tens of thousands of people who had walked on the walkway since he had become general manager. However, no one other than Dietz had ever reported a fall or an injury on the walkway, or complained that the walkway was unsafe.

Viewing the evidence in the light most favorable to Dietz, we conclude there was no evidence of a condition that posed an unreasonable risk of harm. The depressions in the walkway had been there since it was constructed more than eighteen years ago. Yet, there was no evidence of other falls attributable to this condition. Nor was there evidence of any complaints about this condition. Dietz argues that her own deposition testimony regarding the circumstances of her fall, while not conclusive evidence, constitutes sufficient evidence of the unreasonable risk of harm to defeat summary judgment. We disagree. Standing alone, Dietz's testimony does no more

---

[2]These measurements, which appeared in English's report, were not excluded by the trial court.

than create a mere surmise or suspicion of an unreasonable risk of harm. We conclude Dietz failed to bring forth evidence to raise a genuine issue of material fact regarding the existence of a condition posing an unreasonable risk of harm. *See Brinson*, 228 S.W.3d at 163 (holding the trial court properly granted summary judgment in favor of the premises owner when the evidence showed no one had been injured by the condition in question, and the premises owner had received no complaints about the condition in question during a ten-year period). We, therefore, hold the trial court properly granted Clear Springs's motion for no-evidence summary judgment.

## CONCLUSION

Having concluded there was no evidence to support the unreasonable risk of harm element of Dietz's claim, we need not address whether there was no evidence to support the other elements challenged in Clear Springs's motion for no-evidence summary judgment. Additionally, having concluded that the trial court properly granted Clear Springs's motion for no-evidence summary judgment, we need not address whether the trial court erred in granting Clear Springs's motion for traditional summary judgment. *See Ridgway*, 135 S.W.3d at 600-02 (upholding the granting of a no-evidence summary judgment and not addressing the granting of a traditional summary judgment); *see also* TEX. R. APP. P. 47.1.

We affirm the trial court's judgment.

Karen Angelini, Justice