**REVERSE and DISMISS and Opinion Filed October 17, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01001-CV**

**DALLAS COUNTY, Appellant**
**V.**
**RUTH ISAAC, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-00857-C**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Reichek

In this interlocutory appeal, Dallas County challenges the trial court's denial of its plea to the jurisdiction seeking to dismiss the premises liability claims brought against it by Ruth Isaac. In a single issue, the County contends the trial court erred in denying its plea because Isaac presented no evidence to raise a genuine issue of material fact regarding the County's actual knowledge of the allegedly dangerous condition that caused her injury. Because we conclude there was no evidence to show the County's knowledge of a condition creating an unreasonable risk of harm, we reverse the trial court's order and render judgment dismissing the case.

## Factual Background

On October 2, 2020, Isaac was walking on the sidewalk along Jackson Street behind the George Allen Courts Building in Dallas when she tripped and fell on the edge of a section of concrete that was slightly higher than the adjoining section. A picture of the sidewalk taken immediately after the accident showed the following:



Isaac stated she did not know what the difference in elevation was between the two sidewalk sections. Greg Gray, facilities director for Dallas County, testified the difference in height at the time of the accident was approximately three-quarters of an inch. Isaac sued the County for premises liability alleging she sustained serious injuries as a result of her fall.

Dallas County filed a plea to the jurisdiction arguing Isaac's claims were barred by governmental immunity because there was no evidence the County knew about the alleged premises defect before Isaac fell. In support of the motion, the County submitted excerpts from Isaac's deposition, excerpts from a deposition taken of Gray, photographs produced by Isaac in response to discovery requests, and a declaration by Robby Saye, the Dallas County facilities manager directly responsible for the George Allen Courts Building.

In his declaration, Saye testified he had been a facilities manager since 2015 and, as part of his duties, he regularly inspected the sidewalks outside the George Allen building. According to Saye, Dallas County Facilities was responsible for maintaining the sidewalks and would make repairs if they were needed. Saye did not recall noticing a "lip" in the sidewalk at any time before Isaac fell. He further stated Dallas County Facilities had not received any reports of falls by pedestrians due to an uneven sidewalk outside the courthouse prior to October 2, 2020.

Gray confirmed in his deposition testimony that the County had not received any reports of an uneven sidewalk in the area where Isaac fell. When shown Google street-view photographs taken in February 2014 and January 2017 (shown below), Gray acknowledged the photos appeared to show some difference in elevation in the sidewalk sections, but he could not tell from the pictures the extent of the height difference.

Electronically Served
7/2/2021 7:41 AM

599 Jackson St



Image capture: Feb 2014   © 2021 Google

Dallas, Texas

Google Maps    599 Jackson St



Image capture: Jan 2017   © 2021 Google

Dallas, Texas

 Google

Although the section of sidewalk at issue was at the back of the courthouse, Gray assumed that some County employees would have walked in the area since February 2014. Gray agreed that, as a general matter, a person could get injured on an uneven sidewalk and, after Isaac's fall was reported, measures were taken to eliminate the lip.

Isaac admitted in her deposition that she had no evidence the County knew about the raised area of the sidewalk before she fell. She "imagined," however, that they had seen it because it was next to the courthouse.

Based on this evidence, the County argued Isaac could not show the County had actual knowledge of a premises condition that created an unreasonable risk of harm before her accident. Isaac responded there was a material question of fact as to the County's knowledge because the evidence showed the condition existed since at least 2014, and County employees who worked at the courthouse, including Saye, would have walked in the area during that time. Following a hearing, the trial court denied the County's plea to the jurisdiction. The County brought this appeal.

**Analysis**

A plea to the jurisdiction is a dilatory plea challenging the trial court's authority to determine the subject matter of the action. *Rawlings v. Gonzalez*, 407 S.W.3d 420, 425 (Tex. App.—Dallas 2013, no pet.). The plea can be based on the pleadings or evidence. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When, as here, the plea challenges the existence of jurisdictional

–5–

facts, we consider the relevant evidence submitted by the parties to determine if a fact issue exists. *Id*. at 227. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id*. at 228. The burden is on the governmental entity, as movant, to present evidence sufficient to show the trial court lacks jurisdiction. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016). If this burden is met, the burden then shifts to the plaintiff to show there is a disputed issue of material fact regarding the jurisdictional issue. *Id*.

The Texas Tort Claims Act waives governmental immunity from personal injury claims based on the condition of real property "if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. If the claim arises from a premises defect, the governmental unit owes the claimant only the duty that a private person owes to a licensee on private property. *Id*. § 101.022(a). That duty requires the governmental unit to warn, or to make reasonably safe a condition that creates an unreasonable risk of harm of which it is aware and the licensee is not. *Sampson*, 500 S.W.3d at 391. Actual knowledge of the dangerous condition, and not just constructive knowledge, is required. *Id*. at 392. For immunity to be waived, there must be some evidence from which a jury could infer that the governmental unit not only knew about the premises condition, but also that the condition created an unreasonable risk of harm. *See Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511,

514 (Tex. 2008); *Pitts v. Winkler Cnty.*, 351 S.W.3d 564, 574 (Tex. App.—El Paso 2011, no pet.). For premises-defect purposes, a condition poses an unreasonable risk of harm when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002); *Cohen v. Landry's Inc.*, 442 S.W.3d 818, 827 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). "Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Aguilar*, 251 S.W.3d at 513.

To show its lack of actual knowledge of the allegedly dangerous condition created by the raised edge in the sidewalk, the County relies primarily on the testimony of its facilities personnel who stated there had been no reports of falls or injuries outside the George Allen building before Isaac fell. There were also no reports of any raised portions of concrete or uneven areas in the sidewalk. Saye testified that, although he inspected the sidewalks outside the George Allen building regularly, he did not recall seeing a "lip" in the sidewalk where Isaac fell. This testimony was sufficient for the County to meet its initial burden to show it had no actual knowledge of the alleged premises defect. *See City of Dallas v. Monroy*, No. 05-22-00012-CV, 2022 WL 4363836, at *6 (Tex. App.—Dallas Sept. 21, 2022, no pet.) (mem. op.). The burden then shifted to Isaac to demonstrate a fact issue

–7–

regarding the County's awareness of what she asserts was a dangerous condition. *Id.*

As evidence to raise a fact issue, Isaac points to the Google street-view photographs that appear to show a difference in the elevation of the sidewalk sections dating back to 2014. Isaac testified these pictures were a "fair and accurate representation of the uneven/elevated sidewalk" at the time she fell. She argues the fact that the condition was in existence for over six years before her accident, combined with the likelihood that County employees traversed the area, was sufficient to raise a fact issue about the County's actual knowledge of the allegedly dangerous condition. We conclude this evidence does the opposite.

It is undisputed that in the six year period before Isaac fell, no County employees reported any problems with the sidewalk. It is further undisputed that the facilities manager did not recall seeing any issues with the sidewalk, and there were no prior reports of injuries caused by the sidewalk's condition. That the difference in elevation between the sidewalk sections existed for many years without causing any other incidents or injuries, and went either unnoticed or unremarked upon by County employees, is strong evidence that the condition did not create an unreasonable risk of harm. *See United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 804 (Tex. 2022) (3/4-inch deep divot in parking lot "profoundly ordinary"); *Dietz v. Hill Country Rests., Inc.*, 398 S.W.3d 761, 767 (Tex. App.—San Antonio 2011, no pet.) (no evidence of unreasonable risk of harm where depressions in

walkway existed for years without complaints or other falls). At the very least it demonstrates the County had no actual knowledge of a condition presenting a sufficient probability of injury that it should have foreseen an injury as likely to happen. *See McIntire*, 646 S.W.3d at 804.

Isaac argues Gray's testimony agreeing that "an uneven sidewalk would be a condition that someone could get injured on or around" is sufficient to raise a fact issue concerning the dangerous nature of the sidewalk. But Gray's testimony was nothing more than an acknowledgment that, under some circumstances, an uneven sidewalk can be hazardous. The testimony was general in nature and did not address the specific condition made the basis of this suit. Moreover, "testimony that a condition *could* injure [a person] is not evidence that it poses an *unreasonable* risk of harm." *Id*.

We conclude Isaac failed to present evidence creating a fact issue regarding the County's actual knowledge of a condition creating an unreasonable risk of harm. Accordingly, the trial court erred in denying the County's plea to the jurisdiction. We reverse the trial court's order and render judgment dismissing Isaac's claims for lack of jurisdiction.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

221001F.P05

–9–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DALLAS COUNTY, Appellant

No. 05-22-01001-CV     V.

RUTH ISAAC, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-21-00857-C.
Opinion delivered by Justice Reichek. Justices Partida-Kipness and Breedlove participating.

In accordance with this Court's opinion of this date, the trial court's order denying DALLAS COUNTY's plea to the jurisdiction is **REVERSED** and the case is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellant DALLAS COUNTY recover its costs of this appeal from appellee RUTH ISAAC.

Judgment entered October 17, 2023