

# NUMBER 13-23-00299-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **CRISTINA CORONADO,** | **Appellant,** |
| **v.** | |
| **A.W. WRIGHT FAMILY LIMITED PARTNERSHIP D/B/A EAGLE DANCER RANCH,** | **Appellee.** |

## ON APPEAL FROM THE 451ST DISTRICT COURT OF KENDALL COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Longoria, Tijerina, and Peña**
**Memorandum Opinion by Justice Tijerina**

Appellant Cristina Coronado sued appellee A.W. Wright Family Limited Partnership d/b/a Eagle Dancer Ranch (EDR) for injuries suffered in a slip and fall accident. By three issues, Coronado argues that the trial court erred in granting summary judgment in favor of EDR in a premise liability suit because: (1) EDR knew or should have

known of concealed defects; (2) EDR retained the requisite control over the grounds; and (3) EDR created a dangerous condition. We affirm.

## I. BACKGROUND[1]

On September 29, 2018, Coronado attended a wedding at EDR's ranch. While at the wedding, she was injured after falling on steps leading to an outdoor pit area. Coronado sued EDR, alleging she "was an invitee on [the ranch] for a wedding" and that EDR "owed a duty to use ordinary care in making its premises reasonably safe/or providing adequate warning concerning any dangerous conditions existing on said premises." Specifically, she alleged that she "fell on a set of inconspicuous steps in an outdoor 'pit' area on [EDR's] premises. The area around the steps, and the steps themselves did not have a handrail for safe egress and ingress into the pit, warning signs, or adequate lighting." Coronado claimed she "suffered severe personal injuries including, but not limited to, serious sprains and contusions to her legs and permanent scarring." Below is a photograph of the alleged "inconspicuous steps" at issue.

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.



EDR filed a traditional motion for summary judgment, asserting the property was subject to a commercial lease, that it was a lessor and had no duty to Coronado because it did not have control over the premises and that Juris Properties, a third party, maintained the premises and was responsible for all repairs and maintenance. EDR further stated that the "exterior steps were not unreasonably dangerous, but instead open and obvious." EDR claimed that Coronado confirmed she looked down at the steps and held on to her husband as she began her descent. EDR attached the following evidence: (1) affidavit of Allen W. Wright, manager of Juris Properties; (2) affidavit of Harold McCall, president of Juris Properties; (3) the commercial lease; (4) photographs of the steps; (5) Coronado's deposition testimony; and (6) an affidavit from its expert Eric Benstock, a mechanical engineer.

Coronado responded, asserting that as a landlord, EDR had a duty to her because it knew or should have known of the concealed defect; there are "genuine issues of material fact as to whether [EDR] retained control of the property" on the date of the

incident; and EDR "created the dangerous condition." EDR replied asserting the evidence was undisputed that Coronado saw the steps, the lighting was sufficient, she was aware of the composition of the steps, and it was open and obvious that the steps did not have a handrail.

The trial court granted EDR's motion for summary judgment on February 23, 2023. Coronado filed a motion for findings of fact and conclusions of law, a motion for new trial, and a motion for leave to amend her petition. The trial court denied the motions.[2] This appeal followed.

## II.    SUMMARY JUDGMENT

First, Coronado argues that EDR "knew or should have known of the concealed defect when Juris Properties took over control" of the premises. By her second issue, Coronado asserts she raised a genuine issue of fact regarding whether EDR retained control of the premises. By her third issue, Coronado argues that EDR owed her a duty because it created a dangerous condition.

## A.    Standard of Review

"We review a trial court's summary judgment de novo." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). We consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *Id.* A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material

---

[2] *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (providing that "findings of fact and conclusions of law have no place in a summary judgment proceeding").

4

fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

"If a movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment." *Bryant v. Baker*, 580 S.W.3d 408, 412 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)). The nonmovant can meet its burden if its evidence is more than a scintilla, i.e., if it "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

## B. Applicable Law

"In a premises liability case, the duty owed to the plaintiff depends on the status of the plaintiff at the time of the incident." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675 (Tex. 2004). Here, it is undisputed that Coronado's status was that of an invitee. *Strandberg v. Spectrum Off. Bldg.*, 293 S.W.3d 736, 739 (Tex. App.—San Antonio 2009, no pet.) ("An invitee is one who enters on another's land with the owner's knowledge and for the mutual benefit of both.") (internal quotations omitted). "A lessor generally has no duty to tenants or their invitees for dangerous conditions on the leased premises." *Johnson Cnty. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996); *Jensen*

*v. Sw. Rodeo, L.P.*, 350 S.W.3d 755, 757 (Tex. App.—Dallas 2011, no pet.) ("It has long been recognized that a lessor generally owes no duty to a tenant or its invitees for dangerous conditions on the leased premises."). There are three exceptions to this rule: (1) "a lessor who makes repairs may be liable for injuries resulting from the lessor's negligence in making the repairs" (negligent-repair exception)[3]; (2) "a lessor who conceals defects on the leased premises of which the lessor is aware" (concealed defect exception); and (3) a lessor who retains control of a portion of the premises for injuries caused by a defect on the portion of the premises (control of defect exception). *Posse*, 926 S.W.2d at 285; *City of Irving v. Seppy*, 301 S.W.3d 435, 446 (Tex. App.—Dallas 2009, no pet.) (providing that the three exceptions are: (1) the lessor's negligent repairs, (2) concealed defects of which the lessor was aware, and (3) a defect which remained under the lessor's control); *Kukis v. Newman*, 123 S.W.3d 636, 639 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (recognizing the three exceptions to the general no-duty rule); *see also* RESTATEMENT (SECOND) OF TORTS §§ 357 (regarding negligent repairs), 358 (regarding concealed defects); 360 (regarding portion of premises remaining in lessor's control). This rule stems from the notion that a lessor relinquishes possession of the premises to the lessee. *Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d 584, 590 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

**C.    Discussion**

EDR must establish that there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Citing to the general rule that a

---

[3] We note that Coronado does not recognize or address the negligent repair exception.

lessor has no duty to tenants or their invitees for dangerous conditions on a leased premises, EDR asserts the trial court properly granted summary judgment in this case because none of the exceptions to the general rule applies. Here, the summary judgment evidence provided that EDR was a lessor and leased the premises to Juris Properties. See *id.*; *Kukis*, 123 S.W.3d at 639 ("A lessor generally has no duty to tenants or their invitees for dangerous conditions on the leased premises."). Coronado does not dispute this. Thus, the general rule that landlords have no duty to their tenants or invitees applies, and Coronado must raise a fact issue regarding one of the three exceptions. *See Posse*, 926 S.W.2d at 285.

### 1.    Negligent-Repair Exception

In the trial court, EDR asserted that as a lessor, it did not make any repairs to the steps. It attached its commercial lease agreement, which stated that the lessee, Juris Properties, shall be responsible for the repairs and maintenance. The lease further stated that EDR had "no duty or obligation to inspect, maintain or repair the premises during the term of the lease, such being the sole duty of the Lessee as part of the consideration of this lease." The lease set out that the "Lessee agrees to comply with all laws, ordinances, rules and order of federal, state, and local governments." In his affidavit, McCall confirmed that any modifications to structures, repairs, and maintenance are performed by Juris Properties. He clarified that EDR was "free[d] . . . from such obligations." Wright made similar statements in his affidavit: "Juris Properties (as Lessee) shall, at its own expense and risk, be solely responsible for inspecting and maintaining [the premises] . . . making all repairs and replacements necessary to keep the premises and improvements in a safe

7

serviceable condition." Therefore, the evidence shows that EDR was not responsible for repairs on the property, and there is no evidence that it made any repairs on the steps, negligent or otherwise. *See City of Irving*, 301 S.W.3d at 446 ("[I]n a lease arrangement, the lessor transfers possession and control of the leased premises to the tenant.").

In her response to EDR's motion for summary judgment, Coronado did not address the negligent-repair exception. That is, Coronado did not assert that EDR owed her a duty because it made a repair and her injuries resulted from EDR's negligence in making such repair. Additionally, Coronado did not provide any evidence of the same. *See id.* Because Coronado failed to address this exception entirely, we conclude she failed to raise a fact issue regarding the negligent-repair exception. *See* TEX. R. CIV. P. 166a(c). We overrule her first issue.

### 2. Concealed-Defect Exception

In its motion for summary judgment, EDR asserted that the steps "were not unreasonably dangerous, but instead open and obvious to" Coronado. In her response to EDR's motion for summary judgment, Coronado asserted that any "daytime inspection of the premises . . . would have revealed an unreasonable risk of harm" because "you can visibly see that the stairs, as constructed, are visibly uneven and contain many cracks and divots." She claimed that "[a]ny inspection by an employee or representative of [EDR] would have shown this" and that EDR owed her a duty "to not allow obvious, open and even grossly negligent defects on property" that it owns.

In the trial court, Coronado asserted that the defect here was visible, obvious, and open and did not claim that EDR had concealed a defect. *See Austin v. Kroger Tex., L.P.*,

465 S.W.3d 193, 201 (Tex. 2015) ("[I]n most cases, a landowner owes no duty to protect an invitee against a dangerous condition that is open and obvious or known to the invitee."). On appeal, Coronado maintains that "[a]ny viewer" would have seen the alleged defect; that "[a]lmost any visit at all would have revealed" the stairs, which were "visibly uneven" and "apparent on the face"; and that EDR had a duty to warn the public of this "obvious danger." Rather than provide evidence that EDR concealed a defect on the premises it allegedly had control over, Coronado stated that the alleged defect was open, obvious, apparent on the face, and an obvious danger. *See id.* ("[T]he Court has typically characterized the landowner's duty as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee." (emphasis added)). Additionally, the summary judgment evidence provided that Coronado testified that she viewed pictures of the venue online prior to attending the wedding. She stated that before she walked down the steps, she saw that the steps were made of natural rock, knew that the steps were uneven, and she clarified that she looked down before starting her descent. Because the evidence provided that the steps were open and obvious, we conclude Coronado failed to raise a fact issue as to the concealed defect exception. *See Austin*, 465 S.W.3d at 201; *Posse*, 926 S.W.2d at 285. We overrule her second issue.

### 3. Control-of-Defect Exception

Lastly, Coronado asserted that EDR retained control of the premises. Even assuming it is true that EDR retained control, we nonetheless conclude that Coronado failed to raise a fact issue that the steps were a dangerous condition. *See City of Irving*,

9

301 S.W.3d at 446. In his affidavit, Benstock testified that he conducted an examination of the steps at issue. He stated that "the steps and surrounding area, inclusive of the solar powered perimeter lights," were in the same condition as they were at the time of Coronado's fall. Benstock opined: "While there were some variations in the smoothness of the top of each of the three steps due to the natural stone construction . . . the steps [were] level, solid, and constructed in accordance with the I[nternational] B[uilding] C[ode]."[4] Benstock stated that the building code required a railing or guard along open-sided stairs "that are located more than 30 inches . . . measured vertically to the floor or grade below at any point within 36 inches . . . horizontally to the edge of the open side." Because these steps were between eighteen inches to nineteen inches from the pit to the upper landing and thus less than the 30-inch maximum allowable under the code, Benstock asserted that no installation of a guard or rail was required. He further stated, "[T]he condition of the steps was readily visible and adequately illuminated," in "excellent condition with no visible defects or trip hazards," were near "solar powered lights and other lights proximate to the pit area that made the steps visible," and complied with the applicable building standards. *See Bryant*, 580 S.W.3d at 412; *cf Grieve v. Red Roof Inns, Inc.*, No. 13-99-660-CV, 2001 WL 1003312, at *10 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2001, pet. denied) (mem. op.) ("[E]vidence that a step did not comply with the building code can amount to some evidence that the property owner should have been alerted to a potentially dangerous condition on his premises.").

---

[4] Benstock explained that the dimensions of the risers' height and tread depth between transition steps fell within the minimum and maximum range of height to comply with the code.

10

To succeed, Coronado had to present more than a scintilla of evidence that the steps were a dangerous condition. *See Ford Motor Co.* 135 S.W.3d at 601. Coronado did not refute Benstock's expert testimony. Instead, Coronado merely asserted that her premises expert, Jason English, reviewed the facts in this case and "[h]is opinions, to be summarized *further via report and deposition testimony*, make it abundantly clear that the stairway was a dangerous condition" and "in clear violation" of the building code. (Emphasis added.) This alone is insufficient to avoid summary judgment. *See id.* Coronado did not provide English's report or deposition testimony—his deposition has yet to occur, and Coronado's general assertion does not "rise[] to a level that would enable reasonable and fair-minded people to differ." *Id.*; *Dietz v. Hill Country Rests., Inc.*, 398 S.W.3d 761, 767 (Tex. App.—San Antonio 2011, no pet.) ("Standing alone, Dietz's testimony [regarding the circumstances of her fall] does no more than create a mere surmise or suspicion of an unreasonable risk of harm."). As a result, the trial court properly granted EDR's motion for summary judgment on the control-of-defect exception. *See id.* We overrule Coronado's third issue.

### III.    CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Justice

Delivered and filed on the
5th day of December, 2024.

11